IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LONNA JOHNSON                                                                          PLAINTIFF

vs.                                                                              No. 1:03CV585-D-D

BAUCOM JANITORIAL SERVICE, INC.; and
TOMMIE SMITH                                                                      DEFENDANTS

OPINION GRANTING IN PART AND DENYING IN PART
MOTIONS FOR SUMMARY JUDGMENT

Presently before the court are the Defendants' separate motions for summary judgment. Upon due consideration, the court finds that the Defendant Tommie Smith's motion should be granted, and the Plaintiff's claims against him dismissed. The Defendant Baucom Janitorial Service, Inc.'s motion shall be denied; the Plaintiff's claims against this Defendant shall proceed to trial.

*A. Factual and Procedural Background*

The Plaintiff was employed by the Defendant Baucom Janitorial Service, Inc. (Baucom) as a janitorial worker beginning in late 2000. One of the people she worked for or with was the Defendant Tommie Smith. The Plaintiff alleges that Smith sexually harassed her on at least four separate occasions - in August or September of 2001, when he alleged made a sexual remark to the Plaintiff; in October of 2001, when he allegedly propositioned the Plaintiff and another Baucom employee; in March of 2002, when he made a sexual remark to the Plaintiff; and in April of 2002, when Smith allegedly fondled the Plaintiff.

The Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on August 8, 2002, and was issued a right to sue letter on July 7, 2003. She filed her Complaint in this court on September 26, 2003. In the Complaint, the Plaintiff asserts claims for, *inter alia*, sexual harassment. The Defendants have now filed separate motions for

summary judgment, seeking dismissal of the Plaintiff's claims.

*B. Summary Judgment Standard*

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to go beyond the pleadings and "by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. That burden is not discharged by mere allegations or denials. Fed. R. Civ. P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); Celotex Corp., 477 U.S. at 322. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

## C. Discussion

### 1. The Plaintiff's Claims Against Tommie Smith

The Plaintiff asserts claims for assault and intentional infliction of emotional distress against the Defendant Smith. Section 15-1-35 of the Mississippi Code provides that "[a]ll actions for assault . . . shall be commenced within one year next after the cause of action accrued, and not thereafter." Miss. Code Ann. § 15-1-35. In addition, Section 15-1-35 applies to the tort of intentional infliction of emotional distress, thus mandating a one year statute of limitations on claims of that type as well. Slaydon v. Hansford, 830 So. 2d 686, 688-89 (Miss. Ct. App. 2002); Disney v. Horton, 2:99CV138, 2000 WL 1089930, at *3 (N.D. Miss. July 14, 2000).

It is undisputed that all of Smith's alleged unlawful acts occurred on or before April 23, 2002. The Plaintiff, however, did not file her complaint in this cause until September 26, 2003, some five months beyond the one year statute of limitations imposed on claims for assault and intentional infliction of emotional distress. As such, the court finds that the Plaintiff's claims against the Defendant Smith are time barred and he is entitled to judgment as a matter of law.

### 2. The Plaintiff's Remaining Claims

As for the Plaintiff's claims for sexual harassment against the Defendant Baucom, the court finds that genuine issues of material fact exist, and that the Defendant has failed to show that it is entitled to judgment as a matter of law. Further, the court has the discretion, which it exercises here, to allow the Plaintiff's remaining claims to proceed to trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986) ("Neither do we suggest ... that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial.").

### D. Conclusion

In sum, the court finds that the Defendant Tommie Smith's motion for summary judgment should be granted, and the claims against him dismissed. The Defendant Baucom Janitorial Service, Inc.'s motion for summary judgment shall be denied; the Plaintiff's claims against it shall proceed to trial.

A separate order in accordance with this opinion shall issue this day.

This the 29th day of June 2005.

/s/ Glen H. Davidson
Chief Judge